UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

EVAN HESS, LAUREN HARVEY, TERRY SCHMIDT,
NURA SKADEN, WALTER SCHULTZ, LE'LONI
ENGLISH, HELEN VAYNA, MELANI CLARKE, and
JERI PAULICK,

**DECISION AND ORDER**

09-CV-2516 (ENV) (VVP)

Plaintiffs,

- against -

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

-------------------------------------------------------------------X

**VITALIANO, D.J.**

On April 2, 2010, Magistrate Judge Viktor V. Pohorelsky issued a Report and Recommendation ("R&R") in which he recommends that the plaintiffs' motion for attorneys' fees be denied. On April 16, 2010, plaintiffs made a timely objection to the R&R. After careful consideration of plaintiffs' objection, and for the reasons stated below, this Court adopts Judge Pohorelsky's R&R in its entirety as the opinion of the Court.

## BACKGROUND

On June 12, 2009, plaintiffs filed a complaint in this Court against the Commissioner of Social Security ("Commissioner"), seeking a declaratory judgment that they be allowed to take the Direct Payment Demonstration Project examination and participate in that program under Section 303 of the Social Security Protection Act of 2004, Pub. L. No. 108-203. On June 15, 2009, the Commissioner agreed to allow plaintiffs to take that examination. That same day, the parties signed and the Court "so ordered" a Stipulation of Voluntary Dismissal of the action,

1

stating that: "[w]hereas Defendant agrees that Plaintiffs may sit for the Direct Payment Demonstration Project examination that is scheduled to be held on June 14, 2009 . . . it is hereby stipulated and agreed . . . that this action is voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a), and the Order to Show Cause is withdrawn." Docket No. 9. Thereafter, plaintiffs filed a motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), which defendant opposed on the ground that plaintiffs are not "prevailing parties" under the EAJA. This Court referred the matter to Judge Pohorelsky. On April 2, 2010, Judge Pohorelsky issued his R&R finding against plaintiffs, prompting plaintiffs' timely objection. Defendant filed a reply to the objection on April 30, 2010.

## STANDARD OF REVIEW

In reviewing the report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge is required to "make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made" by any party. Fed. R. Civ. P. 72(b).

## DISCUSSION

In his R&R, Judge Pohorelsky recommended that that plaintiffs' motion for attorneys' fees pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), be denied because plaintiffs are not "prevailing parties" under the EAJA. See R&R at 6. More specifically, Judge Pohorelsky held that the mere fact that the Court "so ordered" the agreement between the parties "was not enough by itself, to bestow prevailing-party status on plaintiffs" because the order "did not carry

sufficient judicial imprimatur." See id. (citing Torres v. Walker, 356 F.3d 238, 244 (2d Cir. 2003)). Relying on Perez v. Westchester County Department of Corrections, 587 F.3d 143, 151-62 (2d Cir. 2009), plaintiffs maintain that the so-ordered Stipulation of Voluntary Dismissal in this case contained the necessary judicial imprimatur because it "explicitly incorporates the terms of a settlement." Docket No. 18.

This objection is unavailing. The Supreme Court has taken a narrow view of what it means to be a "prevailing party" for purposes of awarding statutory attorney fees. See Buckhannon Board & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001) (holding that a litigant is not a "prevailing party" where it has failed to secure an enforceable judgment on the merits or a court-ordered consent decree, even when that party has achieved the desired result or objective of the lawsuit). Prevailing party status requires a "judicially sanctioned change in the legal relationship of the parties." Id. The determination thus requires both "some 'material alteration in the legal relationship of the parties,' [and that] that change [is] judicially sanctioned." Roberson v. Giuliani, 346 F.3d 75, 79-80 (2d Cir. 2003) (quoting N.Y. State Fed'n of Taxi Drivers, Inc. v. Westchester Cnty. Taxi & Limousine Comm'n, 272 F.3d 154, 157 (2d Cir. 2001)). "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change." Buckhannon, 532 U.S. at 605.

In some cases, where a court has extensive involvement with the parties throughout a case, closely manages the case, and plays an integral role in resolving it, judicial imprimatur can be found in an order of settlement referencing the terms. See, e.g., Perez, 587 F.3d at 150-52. Such cases, however, bear little resemblance to the case at hand. Here, the Court had virtually

nothing to do with the settlement, which was achieved by the parties' mutual agreement three days after the complaint was filed. The stipulation simply withdrew the order to show cause and dismissed the action. Even though plaintiffs obtained the relief they sought, that change was brought about by defendant and not the Court. See Choudhury v. Barnhart, No. 04-CV-142, 2005 WL 2592048, at *2 (S.D.N.Y. Oct. 2, 2005) (citing Buckhannon, 532 U.S. at 605, for the proposition that a "voluntary change in behavior by a defendant – unprompted by judicial intervention – cannot ipso facto confer prevailing party status on the plaintiff"). Moreover, that the plaintiffs obtained their relief by agreement and not through judicial intervention is underscored by the parties' agreement that the dismissal was without prejudice. Indeed, Rule 41(a) did not require that the stipulation be ordered to be effective; nor did the printed stipulation provide a printed space for court ordering.

## CONCLUSION

Upon a thorough de novo review of the record and the arguments of counsel, this Court is in full agreement with Judge Pohorelsky's finding that plaintiffs were not "prevailing parties" entitled to a fee award pursuant to the EAJA, and, therefore, the April 2, 2010 Report and Recommendation of Judge Pohorelsky is adopted in full as the opinion of this Court.

Plaintiffs' motion for fees is denied. The Clerk is directed to return this case to the closed docket.

SO ORDERED.

DATED:  Brooklyn, New York
        July 2, 2010

                                                   _____
                                                   ERIC N. VITALIANO
                                                   United States District Judge